**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **HUGUETT NICOLE YOUNG** )<br>   **Plaintiff,** )<br> )<br>**vs.** )<br> ) Case No. 20-CV-1049-SMY<br>**KWAME RAOUL,** )<br> )<br>   **Defendant.** ) | |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

This matter is before the Court *sua sponte* for determination of subject matter jurisdiction. Plaintiff Huguette Nicole Young filed the instant action on October 5, 2020 seeking declaratory and injunctive relief preventing the enforcement of Illinois' Governor J.B. Pritzker's Executive Order 2020-32 mandating facial coverings in response to the Covid-19 pandemic. Young, who resides in Junction City, Oregon, alleges the Executive Order violates her First Amendment Rights "by literally blocking [her] ability to communicate audibly, clearly, and expressively (e.g. by violating plaintiff's right to smile at others) while wearing a face mask . . . ." (Doc. 7, p. 2). She also alleges the Executive Order applies to her because her "rights will be violated while shopping at Walmart stores in Southern Illinois as plaintiff is currently seeking new work opportunities in Illinois . . . and is expected to be in Illinois in the coming weeks to this end" (*Id*. p. 10-11).

Federal courts may exercise jurisdiction only over matters authorized by the Constitution or by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir. 1997). As such, even absent a party's challenge to jurisdiction, the courts are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (*quoting Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)).

Article III of the Constitution limits a federal court's jurisdiction to cases and controversies, a core component of which is standing. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 341-2 (2016). As the party invoking jurisdiction, Plaintiff has the burden of establishing standing. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992); *Spokeo, Inc. v. Robins*, __ U.S. __, 136 S.Ct. 1540, 1547 (2016). Standing has three elements: (1) "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical"; (2) "a causal connection between the injury and the conduct complained of – the injury has to be fairly traceable to the challenged action of the defendant and not the result of the independent action of some third party not before the court"; and, (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Lujan*, 504 U.S. at 506-561 (quotation marks and citations omitted).

Plaintiff assets she has standing because she *may* visit a Walmart store when she *may* be in the State of Illinois and be required to abide by the Executive Order requiring masks in public spaces. As such, she asserts nothing more than a speculative and abstract injury that cannot confer standing to sue in federal court. *See e.g. Young v. Frosh*, 2020 WL 6150952 (D. Md. 2020); *Young v. Becksted*, 2020 WL 7029509 (D. N.H. 2020); *Young v. Venable*, 2020 WL 6572237 (E.D. Tenn. 2020).

Accordingly, this matter is **DISMISSED with prejudice** for lack of subject matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case.

**IT IS SO ORDERED.**

**DATED:  December 14, 2020**

**STACI M. YANDLE
United States District Judge**